STATE OF MINNESOTA                                  DISTRICT COURT

COUNTY OF OLMSTED                              THIRD JUDICIAL DISTRICT

---

Mayo Clinic,                                        Court File No.:
d/b/a Mayo Clinic Rochester,                        Case Type: Contract
                                                    Judge:
                                   Plaintiff,

v.

CURT Manufacturing, LLC,                                 **SUMMONS**
Benefit Plan Administrators of Eau Claire, Inc.,
MultiPlan, Inc.,

                                   Defendants.

---

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.

    1. **YOU ARE BEING SUED.**  The Plaintiff has started a lawsuit against you.  The Plaintiff's Complaint against you is attached to this Summons.  Do not throw these papers away.  They are official papers that affect your rights.  You must respond to the lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.**  You must give or mail to the person who signed this Summons a written response called an Answer within 20 days of the date on which you received this Summons.  You must send a copy of your Answer to the person who signed this Summons located at 920 Second Avenue South, Suite 800, Minneapolis, MN 55402.

    3. **YOU MUST RESPOND TO EACH CLAIM.**  The Answer is your written response to the Plaintiff's Complaint.  In your Answer you must state whether you agree or disagree with each paragraph of the Complaint.  If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

1

4.  **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief demanded in the Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 17, 2015

        **D.S. ERICKSON & ASSOCIATES, PLLC**

        By_____

        Timothy J. Henkel (#0389403)
        D. Scott Erickson (#0282212)
        920 Second Avenue South, Suite 800
        Minneapolis, MN 55402
        Phone:      (612) 333-7600
        Facsimile:  (612) 333-7611
        Email:      timothy.henkel@dserickson.com
                       scott.erickson@dserickson.com
        ATTORNEYS FOR PLAINTIFF MAYO CLINIC

STATE OF MINNESOTA                                   DISTRICT COURT

COUNTY OF OLMSTED                              THIRD JUDICIAL DISTRICT

---

Mayo Clinic,                                    Court File No.:
d/b/a Mayo Clinic Rochester,                    Case Type: Contract
                                                Judge:
                              Plaintiff,

v.

CURT Manufacturing, LLC,                        **COMPLAINT**
Benefit Plan Administrators of Eau Claire, Inc.,
MultiPlan, Inc.,

                              Defendants.

---

The Plaintiff, for its claim against the above-named Defendants, complains and alleges as follows:

## PARTIES

1.      Plaintiff, Mayo Clinic ("Mayo"), is a non-profit corporation organized under Minnesota Statutes Chapter 317A and provides medical, surgical, hospital, sickness, and other health related services to individuals in the State of Minnesota.

2.      Defendant, CURT Manufacturing, LLC ("CURT"), is a Delaware registered Limited Liability Company with a principal place of business located at 6208 Industrial Drive, Eau Claire, WI 54701.

3.      Defendant Benefit Plan Administrators of Eau Claire, Inc. ("BPA"), is a Wisconsin registered corporation with a principal place of business located at 402 Graham Avenue, 4th Floor, Eau Claire, WI 54701.

4.      Defendant MultiPlan, Inc. ("MultiPlan"), is a New York registered corporation with a principal place of business located at 115 5th Avenue, 7th Floor, New York, NY 10003.

1

## JURISDICTION AND VENUE

5.    Jurisdiction is proper in Olmsted County District Court with regard to all Defendants pursuant to Minn. Stat. § 543.19 as Defendants have conducted business in Minnesota to the extent that the "minimum contacts" standard outlined in International Shoe Co. v. Washington, 326 U.S. 310 (1945) is met, and have committed acts outside of Minnesota causing injury in Minnesota. Further, Minnesota has a substantial interest in providing a forum for the adjudication of this dispute.

6.    Venue is proper in Olmsted County District Court as the acts and transactions that have given rise to this action occurred in Olmsted County.

## FACTS

7.    Patient Bradley Howell was a covered individual under a health care policy administered by BPA at all times relevant to this action; Member ID 15297H10701; Group No.: 2907.  As such, patient Howell was, again at all times relevant to this action, a participant and beneficiary under said policy and thus "covered" under the same.

8.    Upon information and belief, the health care policy was issued by BPA to CURT, the employer of patient Howell, and is a part of an Employee Retirement Income Security Act ("ERISA") based single-employer group health and welfare benefit plan ("Plan").

9.    Upon information and belief, the Plan is an employer and employee self-funded Plan with BPA acting as the third-party administrator ("TPA") and agent for the Plan on claims filed against the health care policy.

10.    Patient Howell sought in-patient medical services from Mayo to treat a serious medical condition that required hospitalization and other health care goods and services from January 3,

2

2014 through February 24, 2014.

11.     Eligibility of patient Howell's coverage under the BPA health care policy was verified by Mayo, and Mayo obtained authorization from BPA for the health care goods and services it was to provide.

12.     BPA, acting as the TPA and agent for CURT and the Plan, accessed MultiPlan's direct Network Provider Agreement with Mayo in order for BPA and CURT to receive MultiPlan's contracted fee schedule rate with Mayo and access to Mayo's services for BPA and CURT's insured, patient Howell.

13.     Pursuant to Mayo's Network Provider Agreement with MultiPlan, accessed by BPA, Mayo agreed to provide health care goods and services to patient Howell in exchange for BPA and CURT's prompt payment on the claims submitted to it by Mayo at the contracted rate of 95% of billed charges.

14.     Also pursuant to the Network Provider Agreement, MultiPlan is obligated to assure that its clients, such as BPA, which it allows to access Mayo through the Network Provider Agreement, pay in accordance with said Agreement within thirty (30) of submission of a clean claim by Mayo.

15.     Further, MultiPlan is obligated to contract with its clients such as BPA to assure that payment is made in accordance with and at the rates set forth in the Network Provider Agreement.

16.     Finally, if a claim is not paid in accordance with and at the rates set forth in the Network Provider Agreement, Mayo is free to pursue its billed charges, less any payment made, and may pursue any additional rights or remedies to which it is entitled under Minnesota law including, but not limited to, interest payments.

17.     As part of the process of being admitted to Mayo, patient Howell assigned to Mayo any

3

right he possessed to have all covered expenses of the treatment provided paid for by his health insurance provider.

18.     Mayo brings this action against Defendants pursuant to the Network Provider Agreement accessed by BPA on behalf of CURT, and alternatively as a beneficiary and assignee of patient Howell's rights and causes of action as a participant and beneficiary under the Plan, to recover benefits due pursuant to the Network Provider Agreement and the Plan as a result of the health care goods and services provided to patient Howell.

19.     There remains an outstanding balance due and owing on the claims submitted to BPA in the amount of four hundred fifty-three thousand one hundred twenty-four dollars and eighty cents ($453,124.80) for the health care goods and services provided to patient Howell by Mayo.

20.     Additionally, interest has accumulated and is due on the remaining balance in the amount of ninety-six thousand seven hundred sixty-five dollars and eighty-five cents ($96,765.85).

21.     BPA has repeatedly denied the claims submitted to it by Mayo on the balance that is due and owing; however, Mayo timely filed all claims with BPA for the services it rendered, and all claims are clean and accurate as to the services that were provided.

22.     Mayo has demanded payment of the unpaid balance from BPA as the TPA, the party that contracted with MultiPlan to access the MultiPlan / Mayo Network Provider Agreement, and as agent for the Plan, but BPA refuses to pay.

23.     Defendants' refusal to pay has forced Plaintiff to retain the services of D.S. Erickson & Associates, PLLC and Plaintiff will incur attorney fee expenses and costs to recover the amount due and owing.

## CLAIM I
## BREACH OF CONTRACT

24.     Plaintiff incorporates each and every allegation contained in Paragraphs 1-23, inclusive, with the same force and effect as if fully set forth herein.

25.     Under and through the MultiPlan and Mayo Network Provider Agreement, BPA and CURT accepted the responsibility to timely and properly pay claims received from Mayo for the health care goods and services provided to patient Howell, at a 95% contract rate.

26.     Similarly, under and through the MultiPlan and Mayo Network Provider Agreement, MultiPlan had a contractual obligation to contract with and assure that BPA would pay Mayo in accordance with the Network Provider Agreement for the services provided to patient Howell at a 95% contract rate.

27.     Despite these contractual obligations Defendants have failed to pay Mayo at the 95% contract rate for the health care goods and services provided to patient Howell.

28.     Claims for the health care goods and services provided were properly and timely submitted by Mayo to BPA for payment.

29.     Defendants have breached their agreements with Mayo by failing to uphold their obligations and contractual commitments pursuant to the Network Provider Agreement for payment and assurance of payment at the 95% contract rate.

30.     As a result of Defendants' breach, Plaintiff has and will incur damages in an amount in excess of fifty thousand dollars ($50,000.00).

## CLAIM II
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

31.     Plaintiff incorporates each and every allegation contained in Paragraphs 1-30, inclusive, with the same force and effect as if fully set forth herein.

32.     Defendants' failure to diligently and timely monitor the claims and payment thereof, and its assertion that portions of the claims filed by Mayo are denied, constitutes a breach of Defendants' covenant of good faith and fair dealing with respect to Mayo.

## CLAIM III
## EMPLOYEE RETIREMENT INCOME SECURITY ACT ("ERISA")
## 29 U.S.C. § 1001 *et. seq.*
*(Pled in the Alternative)*

33.     Plaintiff incorporates each and every allegation contained in Paragraphs 1-32, inclusive, with the same force and effect as if fully set forth herein.

34.     The health insurance policy issued by BPA is, upon information and belief, a health and welfare benefit plan that is covered by the ERISA.

35.     BPA and CURT have failed to comply with the terms of the Plan by failing to make payment to Mayo of the benefits due under patient Howell's policy, the Plan, and the Network Provider Agreement.

36.     Mayo brings this action pursuant to 29 U.S.C. § 1132, as a beneficiary and assignee of patient Howell's health benefits, to enforce the terms of the Plan.

37.     As a result of BPA and CURT's failure to pay Mayo the benefits due under patient Howell's health care policy, the Plan, and the Network Provider Agreement, Plaintiff is entitled to damages pursuant to 29 U.S.C. § 1132(a)(1)(B) in an amount in excess of fifty thousand dollars

6

($50,000.00), plus reasonable attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1), from BPA and CURT.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

1.      For an award of damages in an amount in excess of fifty thousand dollars ($50,000.00), plus any and all pre and post-judgment interest pursuant to Defendants' breach of contract, breach of the covenant of good faith and fair dealing, and pursuant to 29 U.S.C. § 1132(a)(1)(B).

2.      For an award of reasonable attorneys' fees against BPA and CURT pursuant to 29 U.S.C. § 1132(g)(1).

3.      For such other relief as the Court deems just and equitable.


Dated: June 17, 2015                     **D.S. ERICKSON & ASSOCIATES, PLLC**

                                         By_____
                                         Timothy J. Henkel (#0389403)
                                         D. Scott Erickson (#0282212)
                                         920 Second Avenue South, Suite 800
                                         Minneapolis, MN 55402
                                         Phone:        (612) 333-7600
                                         Facsimile:    (612) 333-7611
                                         Email:        timothy.henkel@dserickson.com
                                                       scott.erickson@dserickson.com
                                         ATTORNEYS FOR PLAINTIFF MAYO CLINIC

7

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney
and witness fees may be awarded pursuant to Minn. Stat. 549.211 subdivision 2, to the party
against whom the allegations in this pleading are asserted.

Dated: June 17, 2015                          D.S. ERICKSON & ASSOCIATES, PLLC

                                              By_____
                                              Timothy J. Henkel (#0389405)
                                              D. Scott Erickson (#0282212)
                                              920 Second Avenue South, Suite 800
                                              Minneapolis, MN 55402
                                              Phone:        (612) 333-7600
                                              Facsimile:    (612) 333-7611
                                              Email:        timothy.henkel@dserickson.com
                                                            scott.erickson@dserickson.com
                                              ATTORNEYS FOR PLAINTIFF MAYO CLINIC

8